This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42139**

**STATE OF NEW MEXICO,**

>      Plaintiff-Appellee,

v.

**ANDREW JAMAL HOWARD,**

>      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Terrence Sanchez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}**      Defendant appeals from the district court's order revoking his probation. This Court issued a calendar notice proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**      Defendant continues to maintain, based on the same theories, that uncorroborated officer testimony asserting that he was unsuccessfully discharged from a rehabilitation facility was insufficient to support the revocation of his probation. [MIO 1-5] Our notice of proposed disposition proposed to affirm because Defendant did not

contest this evidence and "therefore the officer's statements did not need to be further corroborated." [CN 2] As such, sufficient evidence supports Defendant's probation revocation. [CN 3] Defendant similarly maintains that the district court violated his right of allocution based on the same theories presented in his docketing statement. [MIO 5-6] We proposed to conclude that Defendant "was afforded the opportunity to allocute because Defendant addressed the district court after the close of evidence but before sentencing," even though the district court may not have formally asked Defendant if he would like to speak. [CN 4]

{3}     Defendant does not now direct this Court to any new fact, law, or argument that persuades us that our notice of proposed disposition was incorrect as to either issue Defendant raises on appeal. [MIO 7-8] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore remain unpersuaded that Defendant's probation revocation was supported by insufficient evidence or that the district court violated Defendant's right of allocution.

{4}     For the reasons stated in our notice of proposed disposition and herein, we affirm.

{5}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**